IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE OWENS, #B09385, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-01140-JPG |
| | ) |
| VIPEN SHAH, | ) |
| SUZAAN BAILEY, | ) |
| MARCUS HARDY, | ) |
| MARK HARTMAN, | ) |
| ROBERT SAMOLINSKI, | ) |
| CANTINA FOOD SERVICES, | ) |
| WEXFORD MEDICAL SOURCES, | ) |
| and IDOC DIRECTOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the Amended Complaint (Doc. 9) filed by Plaintiff Tyrone Owens, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). In the amended complaint, Plaintiff challenges Pinckneyville's policy of serving inmates only two meals each day and serving them a high-soy diet. (Doc. 9, pp. 7-9). Plaintiff maintains that he has developed health problems as a result of both policies. (*Id.*). He now sues the following officials pursuant to 42 U.S.C. § 1983 for violating his rights under the Eighth Amendment, Fourteenth Amendment, and Americans with Disabilities Act ("ADA"): Illinois Department of Corrections' director (IDOC director), Marcus Hardy (IDOC deputy director), Vipen Shah (Doctor Shah), Mark Hartman (grievance counselor), Robert Samolinski (grievance counselor), Suzann Bailey

(food services administrator), Cantina Food Services (Cantina), and Wexford Medical Sources (Wexford). (*Id*.). Plaintiff seeks monetary damages and injunctive relief. (*Id*. at 10).

This case is now before the Court for preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). As discussed in more detail below, the amended complaint survives preliminary review under this standard.

## Amended Complaint

The amended complaint (Doc. 9) focuses on two of fourteen claims that Plaintiff raised in his original complaint (Doc. 1). He challenges the policy at Pinckneyville of serving only two meals per day, which this Court referred to as "Count 9" in the Order dismissing the complaint. (Doc. 8 at 3). He also challenges the prison's adoption of a soy diet, which this Court referred to as "Count 10." (*Id*.). A summary of the factual allegations offered in support of these claims is set forth below.

## Meal Policy

In the amended complaint, Plaintiff claims that the IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, and Cantina conspired to deprive him of his rights under the Eighth Amendment, Fourteenth Amendment, and ADA by instituting a policy of serving only two meals per day ("meal policy") at Pinckneyville. (Doc. 9,

pp. 8-9). The inmates are routinely served brunch at 10:00 a.m. and dinner at 4:00 p.m. Consequently, Plaintiff must wait up to eighteen hours between meals. (*Id*.).

Plaintiff maintains that the two meals are nutritionally inadequate. He wrote to the defendants and requested three meals each day, instead of two. He also asked Doctor Shah to order him a higher calorie diet. Doctor Shah not only refused to do so, but he also cut out Plaintiff's diabetic snack and told him to lose weight. (*Id*. at 9). Plaintiff's only option is to buy food from the prison commissary. As a result of this inadequate nutrition, he suffers from severe headaches, hunger pains, low blood sugar, lethargy, and fatigue. (*Id*.).

Plaintiff characterizes the decision to eliminate breakfast as punitive. Pinckneyville is a disciplinary prison, and it is also the only prison within the IDOC that serves no breakfast. At the same time, the policy reflects a conspiracy on the part of the defendants to make a profit by forcing the inmates to buy more food from the prison commissary and to funnel money into the defendants' "secret accounts." (*Id*.). In connection with this claim, Plaintiff seeks monetary damages.

### Soy Diet

Plaintiff also claims that the IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, Cantina, and Wexford conspired to violate his rights under the Eighth and Fourteenth Amendments by adopting a soy diet at the prison. (*Id*. at 7-8). The defendants are allegedly aware that soy diets cause serious medical problems because female prisoners in Illinois prevailed in a lawsuit addressing this issue. (*Id*. at 7). Still, the defendants insist on serving a soy diet at the prison. (*Id*.).

Since he began consuming the diet two years ago, Plaintiff has developed diabetes and a number of other symptoms that he attributes to the soy diet, including numerous prolonged bouts

of constipation, bloody stools, a torn anus, severe gas, stomach pain, headaches, and fatigue. When he complained to Doctor Shah, the doctor refused to order him a soy-free diet. The doctor insisted that the soy diet was not Plaintiff's problem; he needed to lose weight and drink more water. (*Id.*). He also encouraged Plaintiff to stop eating the prison's food, if he was unhappy with the diet, and instead buy his food from the commissary. (*Id.* at 8).

Plaintiff filed numerous grievances to complain about the diet and his related health issues with the prison's grievance officers, Hartman and Samolinski. However, they intentionally destroyed the grievances. In connection with the soy diet claim, Plaintiff seeks monetary damages and injunctive relief, in the form of an order requiring prison officials to serve Plaintiff a soy-free diet. (*Id.* at 10).

## Merits Review Under 28 U.S.C. § 1915A

Based on the allegations, the Court finds it convenient to reorganize the claims in the *pro se* complaint into the following seven counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, and Cantina for deliberate indifference to Plaintiff's nutritional needs when instituting the meal policy.

**Count 2:** ADA claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, and Cantina for depriving Plaintiff of a nutritionally adequate diet.

**Count 3:** Fourteenth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, Cantina, Grievance Officer Hartman, and Grievance Officer Samolinski for ignoring Plaintiff's grievances regarding the meal policy.

| | |
|---|---|
| **Count 4:** | Conspiracy claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, and Cantina for punishing inmates and profiting from them by instituting the meal policy at Pinckneyville. |
| **Count 5:** | Eighth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, Cantina, Wexford, Grievance Officer Hartman, and Grievance Officer Samolinski for exhibiting deliberate indifference to Plaintiff's health by serving him a soy diet. |
| **Count 6:** | Fourteenth Amendment claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, Cantina, Wexford, Grievance Officer Hartman, and Grievance Officer Samolinski for ignoring, disregarding, or denying Plaintiff's grievances regarding the soy diet. |
| **Count 7:** | Conspiracy claim against Defendants IDOC Director, Deputy Director Hardy, Doctor Shah, Warden Lashbrook, Food Administrator Bailey, Cantina, and Wexford for adopting a soy diet at Pinckneyville. |

**Counts 1** and **5** shall receive further review against those defendants who are identified in connection with each claim below. However, all remaining claims, including **Counts 2, 3, 4, 6,** and **7**, shall be dismissed. In addition, Warden Lashbrook, Wexford, and Cantina shall be dismissed from this action

### Claims Subject to Further Review

### Count 1 – Meal Policy

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Eighth Amendment claims have an objective and a subjective

component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). An inmate satisfies the objective component of this claim when he alleges facts tending to show that prison officials provided him with a diet that is "nutritionally deficient" or "well below nutritional value." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015).

The subjective component of the claim focuses on the state of mind of the defendant. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298; *McNeil,* 16 F.3d at 124. In conditions of confinement cases, this is deliberate indifference to inmate health or safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied when the plaintiff shows that prison officials, despite having knowledge of a substantial risk of serious harm, failed to "take reasonable measures to guarantee the safety of inmates and ensure that they receive adequate food." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Construing the amended complaint broadly, Plaintiff alleges that Defendants IDOC Director, Deputy Director Hardy, and Food Administrator Bailey instituted or carried out a policy that resulted in the denial of one meal each day to Pinckneyville inmates, including Plaintiff. This policy allegedly caused Plaintiff to suffer from severe headaches, hunger pains, low blood sugar, lethargy, and fatigue. Defendant Shah refused to make adjustments to Plaintiff's diet, by issuing him a permit for a higher calorie diet; instead, the doctor allegedly

denied Plaintiff access to a diabetic snack bag. These allegations support an inadequate nutrition claim under the Eighth Amendment in **Count 1** against Defendants **IDOC Director**, **Deputy Director Hardy**, **Doctor Shah**, and **Food Administrator Bailey** at this early stage. Accordingly, Count 1 shall proceed against these defendants. However, this claim shall be dismissed without prejudice against Warden Lashbrook and Cantina for the reasons discussed below.

### Count 5 – Soy Diet

According to the amended complaint, Pinckneyville serves a soy diet to inmates, and this diet has caused Plaintiff to suffer a number of adverse health consequences. He reported these side effects to the defendants and requested a soy-free diet. Plaintiff's requests were denied.

The Constitution requires prison officials to serve inmates "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). High-ranking officials were allegedly aware of the adverse side effects associated with a soy diet because of a previous lawsuit addressing the same issue. Given the factual allegations, the Court cannot dismiss Count 5 against Defendants IDOC Director, Deputy Director Hardy, or Food Administrator Bailey. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996) (personal involvement can be assumed at early stage for high-level officials if the conditions alleged are "potentially systemic.").

The Court also cannot dismiss this claim against Doctor Shah, who denied Plaintiff's request for a soy-free diet and medical care after he complained of symptoms allegedly linked to his consumption of a high-soy diet. The doctor instead told Plaintiff to "drink more water." Whether this constitutes deliberate indifference remains to be seen. Further review of this claim

is warranted.

Finally, the Court will allow Count 5 to proceed against Grievance Officers Hartman and Samolinski, who allegedly ignored numerous detailed grievances complaining about the soy diet. *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015) (inmate's "correspondence . . . may thus establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation"). *See also Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)).

In summary, **Count 5** may proceed against Defendants **IDOC Director**, **Deputy Director Hardy**, **Food Administrator Bailey, Doctor Shah**, **Grievance Officer Hartman,** and **Grievance Officer Samolinski**. However, this claim shall be dismissed without prejudice against Warden Lashbrook, Wexford, and Cantina for the reasons discussed below.

## Claims Subject to Dismissal

### Count 2 – ADA

Plaintiff's ADA claim does not survive screening. To pass muster under § 1915A, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The amended complaint lists the ADA in a section heading. (Doc. 9, p. 8). Plaintiff offers no factual allegations in support of this claim. Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In this case, Plaintiff offers no allegations in support of his ADA claim, not even ones that are sketchy, conclusory, or abstract.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act,[1] 29 U.S.C. §§ 794-94e, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes; (2) that he is qualified to participate in the program in question; and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). The complaint does not include allegations suggesting that Plaintiff should be considered a disabled individual or that any action taken by the defendants was connected to a disability. Absent any factual allegations offered in support of this claim, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Counts 3 & 6 – Fourteenth Amendment

The amended complaint articulates no viable claim under the Fourteenth Amendment against the defendants. It is not clear why Plaintiff even refers to the Fourteenth Amendment, with regard to the meal policy claim or the soy diet claim. To the extent that Counts 3 and 6 arise from the failure to respond to Plaintiff's grievances, however, both claims fail. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due

---

[1] A court should analyze a disability-related claim under both the ADA and the Rehabilitation Act. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  In other words, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage.  Accordingly, **Counts 3** and **6** fail and shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Counts 4 & 7 – Conspiracy

The conspiracy claims arising from the meal policy and the soy diet shall be dismissed for several reasons.  First, Plaintiff asserts these claims against the same individuals who are already named in connection with the Eighth Amendment claims in Counts 1 and 5 above.  The conspiracy claims in Counts 4 and 7 would therefore be duplicative.  *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (noting that the "function of conspiracy doctrine" in § 1983 cases "is merely to yoke particular individuals to the specific torts alleged in the complaint).

Second, to the extent that Plaintiff is attempting to draw other parties into Counts 1 and 5, like Warden Lashbrook, Wexford, or Cantina, this is also problematic under Federal Rule of Civil Procedure 8, which requires litigants to provide a minimum level of "factual content" to state a claim "that is plausible on its face." *Ashcroft*, 556 U.S. at 678.  Particularly in the case of a "vast, encompassing" conspiracy, like those described in the complaint, a plaintiff "must meet a high standard of plausibility" to state a claim under Rule 8. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).  In the amended complaint, Plaintiff includes nothing more than conclusory

allegations of a conspiracy and fails to allege that any of the defendants entered into an agreement, stated or otherwise, regarding the conspiracy. Counts 4 and 7 are subject to dismissal for this reason as well.

Finally, with regard to Plaintiff's theory that either policy was adopted in order to force inmates to spend their money at the prison commissary, the amended complaint also supports no claim. Plaintiff did not allege that his money was taken *without due process of law*. There is no cognizable civil rights claim if the state provides an adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of Pinckneyville's meal policy. And, when there is no underlying constitutional claim for a "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) (conspiracy is not an independent basis of liability in §1983 actions).

For each of these reasons, **Counts 4** and **7** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Parties Subject to Dismissal

### Wexford

Wexford shall also be dismissed without prejudice from this action. In the context of Section 1983, a private corporation that performs functions on behalf of the state is "acting under

color of state law," and is treated the same as a municipal entity. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002). A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). In the amended complaint, Plaintiff alleges only that "Wexford conspired to not treat any soy related injuries." (Doc. 9, p. 8). No examples are offered in support of this bald assertion. Plaintiff does not allege that Wexford was responsible for the meal policy or the decision to serve a soy diet at the prison. Accordingly, this defendant shall be dismissed without prejudice.

### Cantina

No claim is stated against Cantina Food Services. Cantina is also a corporate entity and is therefore treated as a municipality for purposes of § 1983 liability. *See Jackson*, 300 F.3d at 766 n. 6. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Plaintiff has not alleged that Cantina created the meal policy or made the decision to serve a high-soy diet. He alleges that "Cantina just assisted in preparing the soy-based meals knowing that injuries would come." (Doc. 9 at 8). This conclusory and vague assertion is insufficient to state a claim against Cantina under the Eighth Amendment. Accordingly, Cantina shall be dismissed without prejudice from this action.


### Warden Lashbrook

Although Warden Lashbrook is mentioned in connection with the meal policy and the soy diet claims, the warden is not named as a defendant in this action. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Under the circumstances, all claims are considered dismissed without prejudice against Warden Lashbrook.

### Request for Injunctive Relief

Plaintiff is seeking injunctive relief with respect to his soy diet claim. When injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Plaintiff neglected to name the warden in connection with this request for relief. Therefore, the Court will direct the Clerk to add the Warden of Pinckneyville, in his or her official capacity, for purposes of carrying out any injunctive relief that is ordered. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[2]

---

[2] Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

**Request for TRO/Preliminary Injunction**

In his amended complaint, Plaintiff requested a soy-free diet and an order for a prison transfer to avoid retaliation. (Doc. 9 at 10). His request for a temporary restraining order ("TRO") on these grounds was denied. (Doc. 10).

Plaintiff then filed an "emergency" motion, in which he requested a housing transfer. (Doc. 11). The Court explained that such relief "is appropriate only if it [is] of the same character as that which may be granted finally." (*Id.*) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Because Plaintiff's motion for emergency relief was entirely unrelated to the soy diet and meal policy claims set forth in the amended complaint, the "emergency" motion was also denied. (Doc. 12).

The Court reserved ruling on Plaintiff's request in the amended complaint for a preliminary injunction. (Doc. 10). To the extent that Plaintiff seeks a prison transfer because of retaliation, the request is denied for the same reason that his "emergency" motion was denied. The prison transfer request has nothing to do with the underlying claims in this case. *See De Beers Consol. Mines*, 325 U.S. at 220. Plaintiff's request for a preliminary injunction, in the form of an order for a prison transfer to avoid retaliation, is **DENIED**.

The only remaining request pertains to Plaintiff's desire for a soy-free diet. (Doc. 9 at 10). Plaintiff has not filed a separate motion for a preliminary injunction in support of this request. In order to address it, the Clerk will be directed to add a "Motion for Preliminary Injunction" to the docket sheet in CM/ECF, and the motion will be **REFERRED** to a United States Magistrate Judge for further consideration.

**Pending Motions**

1. **Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff filed a motion for service of process at government expense, which is **GRANTED in part**, with respect to Defendants Illinois Department of Corrections' Director, Marcus Hardy, Vipen Shah, Suzaan Bailey, Mark Hartman, Robert Samolinski, and the Warden of Pinckneyville Correctional Center (in his or her official capacity only), and **DENIED in part**, with respect to all other defendants.

2. **Motion for Class Certification (Doc. 13)**

After filing his amended complaint, Plaintiff also filed a motion for class certification, which is hereby **REFERRED** to a United States Magistrate Judge for a decision. The motion does not prevent the Court from screening this case pursuant to 28 U.S.C. § 1915A. *See Hall v. Brown,* Civil No. 10–724–GPM, 2011 WL 1403036, at *1 n. 1 (S.D. Ill., Apr. 13, 2011) (quoting *Morlan v. Universal Guar. Life Ins. Co.,* 298 F.3d 609, 616 (7th Cir. 2002)) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff[ ].").

3. **Motion in Addendum (Doc. 14)**

Plaintiff filed a motion in addendum, in which he seeks leave to add several grievances (Doc. 14, pp. 3-7) as exhibits to the Amended Complaint. The motion is hereby **GRANTED**. The Clerk will be directed to re-file the Amended Complaint (Doc. 9) and Addendum (Doc. 14) together as a single pleading entitled "First Amended Complaint." All of these documents were considered in the course of preparing this Order.

4.     **Motion to Update and Supply Docket (Doc. 15)**

Plaintiff filed a motion to update and supply docket sheet, which is **DENIED** as **MOOT**. In the motion, Plaintiff requests an update regarding the status of this lawsuit and, if dismissed, a copy of the docket sheet. Plaintiff is under the impression that this case was dismissed on November 11, 2015. As is evident from this merits review order, the case remains pending.

## Disposition

The Clerk is hereby **DIRECTED** to **ADD** as a defendant in CM/ECF the **WARDEN OF PINCKNEYVILLE (in his or her official capacity only)**, for the sole purpose of carrying out any injunctive relief that is ordered. The Clerk is also **DIRECTED** to **ADD** a "Motion for Preliminary Injunction" to the docket sheet in CM/ECF. Finally, the Clerk is **DIRECTED** to **RE-FILE** the Amended Complaint (Doc. 9) and Addendum (Doc. 14) together as a single pleading entitled "First Amended Complaint."

**IT IS HEREBY ORDERED** that **COUNTS 2, 4,** and **7** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted, and **COUNTS 3** and **6** are **DISMISSED** with prejudice for the same reason.

**IT IS FURTHER ORDERED** that Defendants **WEXFORD MEDICAL SOURCES** and **CANTINA FOOD SERVICES** are **DISMISSED** without prejudice. **WARDEN LASHBROOK** is not a party to this action, and all claims asserted against this individual are considered **DISMISSED** without prejudice as well.

With respect to **COUNTS 1** and **5**, the Clerk of Court shall prepare for **DEFENDANTS IDOC DIRECTOR, MARCUS HARDY, VIPEN SHAH, SUZAAN BAILEY, MARK HARTMAN, ROBERT SAMOLINSKI,** and **WARDEN OF PINCKNEYVILLE (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons),

and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (which includes Documents 9 and 14), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on the motion for class

certification (Doc. 13) and resolution of Plaintiff's motion for preliminary injunction as it relates to his request for a soy-free diet. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 18, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**