IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 15-01140-JPG-PMF |
| | ) |
| VIPEN SHAH, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order (Doc. No. 47). Plaintiff Tyrone Owens is challenging the conditions of his confinement at Pinckneyville Correctional Center, alleging that he was subjected to cruel and unusual punishment when defendants Hardy, Shah, and Bailey responded to his nutritional needs with deliberate indifference (Count 1) and when defendants IDOC Director, Hardy, Bailey, Shah, Hartman, and Samolinski served him a soy-based diet (Count 5). The warden at the Pinckneyville facility is a party in his/her official capacity for the purpose of carrying out any order awarding injunctive relief (Doc. No. 16).

This is plaintiff's fourth request for a TRO. His prior requests were denied (Doc. Nos. 10, 12, 16). In this motion, Owens complains about the conditions he is currently experiencing at the Pinckneyville facility. He says he was falsely accused of misconduct and sanctioned with a stint in the facility's segregation unit. He complains that he is being forcibly treated with Haldol, a psychotropic medicine. He believes that these events have been orchestrated to interfere with his litigation efforts. He seeks a quick hearing, immediate issuance of subpoenas,

an independent investigation, criminal prosecution, monitoring by the U.S. Marshal, release from segregation, and a transfer.

The legal standard for a TRO has been summarized before and is not repeated here. Plaintiff's motion is not well-supported by facts or documents.  The Clerk's record shows that his access to this Court remains adequate, considering that he has prepared and filed multiple pleadings, exhibits, motions, notices and other documents.  For the same reason cited as rationale for the prior rulings (repetition, insufficient showing of immediate or irreparable injury, insufficient nexus to the underlying complaint), this motion also lacks merit.

IT IS RECOMMENDED that the motion (Doc. No. 47) be DENIED, without prejudice to plaintiff's right to file separate litigation raising his new claims against the appropriate parties after he has exhausted any available administrative remedies.

IT IS FURTHER RECOMMENDED that plaintiff be barred from filing any additional motions requesting a TRO without first receiving permission from the Court, as this issue has now been raised and resolved multiple times.

**SUBMITTED:  May 31, 2016.**

  s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**