IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE OWENS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 15-01140-SMY-PMF |
| | ) |
| **VIPEN SHAH, et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a preliminary injunction (Doc. No. 17). Plaintiff Tyrone Owens is challenging the conditions of his confinement at Pinckneyville Correctional Center, alleging that he was subjected to cruel and unusual punishment when defendants Hardy, Shah, and Bailey responded to his nutritional needs with deliberate indifference (Count 1) and when defendants IDOC Director, Hardy, Bailey, Shah, Hartman, and Samolinski served him a soy-based diet (Count 5). The warden at the Pinckneyville facility is a party in his/her official capacity for the purpose of carrying out an order awarding injunctive relief (Doc. No. 16). The motion is opposed (Doc. No. 55). An evidentiary hearing was held on June 28, 2016. Plaintiff testified at the hearing. Testimony was also received from Dr. Shah.

To obtain a preliminary injunction, the moving party must show that (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015); *Turnell v. Centimark Corp.*, 796 F.3d 656, 661–62 (7th Cir. 2015). If the moving party makes this showing, the court then "weighs the competing harms to the parties if an injunction is granted or denied," "considers the public interest," and employs a

sliding-scale analysis. *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is cautiously viewed and sparingly issued. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1993). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Plaintiff is seeking an order directing the Illinois Department of Corrections to provide him and other inmates with a diet free of soy. The motion targets Count 5. At the hearing, Owens testified that he has been confined since April, 2013. He is 5 foot 4 inches tall. Over the past three years, he has gained weight, entering prison at approximately 220 pounds and currently weighing approximately 260 pounds. In September, 2014, he was diagnosed with diabetes. He was surprised by that diagnosis because he is not aware of any family history of the disease. As his time in prison lengthens, he experiences increasing digestive symptoms such as extreme gas, stomach pain, hard stools, constipation, a torn anus (twice), and anal bleeding.

Owens is persuaded that these symptoms are a direct consequence of his diet – specifically his consumption of certain foods containing (he thinks) medically dangerous levels of soy. He has learned from reading articles that soy products can have adverse effects on the body. He has heard other inmates describe their own health problems, which they also attribute to the level of soy in the prison diet. He believes a group of female inmates successfully prosecuted a lawsuit and proved that they were harmed by too much soy in their diet. He has detected what he believes to be soy particles in food portions (meatloaf, sausage patties, taco meat, and polish sausage). He has not been diagnosed with a soy allergy or food sensitivity. His efforts to obtain a thyroid hormone level test and a low soy or soy-free medical diet have been

unsuccessful. He has been advised to lose weight and drink more water. Defendant Shah, the physician who encouraged Owens to drink more water, is no longer treating inmates at Pinckneyville Correctional Center. Dr. Shah heard Owens describe his ailments and did not reach the conclusion that his complaints and complications are medically linked to his consumption of a diet containing soy products over the past few years.

Owens has not come forward with persuasive evidence demonstrating that his adverse symptoms are the result of his consumption of meals served by the defendants to inmates confined at the Pinckneyville facility. While Owens can accurately describe his symptoms, his concerns about the impact of his diet on his health are based on suspicion and hearsay. Owens is not a physician, medical researcher, dietitian or nutritionist. His personal opinions that he has been consuming unhealthy levels of soy and that his soy consumption has – over time – had an adverse effect on his health is not entitled to weight.

Owens is not likely to succeed on the merits of his Eighth Amendment claim. An individual violates the Eighth Amendment by ignoring conditions that deprive an inmate of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Court finds insufficient information suggesting that any of the defendants knew that Owens was suffering serious health problems because of the food he was receiving in his diet. The Court is also not persuaded that Owens will suffer irreparable harm if an injunction is not issued. If Owens wishes to avoid certain items served at the facility, he has the option of avoiding those foods altogether. Owens has the financial means to pick and choose from the diet tray and supplement his diet with food purchases made through the prison commissary (Doc. No. 2).

Finally, available remedies at law are adequate. Owens is seeking compensatory damages in the sum of $750,000 and punitive damages in the sum of $2,500,000. If Owens has

3

been forced to endure unnecessary stomach pain, gas, and other symptoms, an award of damages will adequately compensate his injury.

IT IS RECOMMENDED that Owens' motion for a preliminary injunction (Doc. No. 17) be DENIED.

SUBMITTED:  July 12, 2016.

                                           s/Philip M. Frazier
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**