IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE OWENS, B09385,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  **3:15-cv-01140-SMY-RJD** |
| | ) |
| **VIPIN SHAH,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff Tyrone Owens' Motion for Class Certification. (Doc. 13). Plaintiff filed this prisoner civil rights action *pro se* alleging that the Illinois Department of Corrections and its employees have violated his Eighth Amendment rights by serving meals that contain too much soy. Owens states that his health and the health of other inmates has been negatively affected by the soy.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel [.]" 28 U.S.C. § 1654. This means that *pro se* litigants may not represent other parties. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Additionally, *pro se* litigants are not permitted to be class representatives. *Howard v. Pollard*, 814 F.3d 476, 477 (7th Cir. 2015).  Because Owens is currently proceeding *pro se*, he is ineligible to be a class representative in his soy diet litigation.  Accordingly, Owens' motion for class certification is **DENIED** without prejudice.

Moving forward, Owens is of course free to litigate this action and pursue his own interests. Should Owens retain counsel to represent him, his attorney (s) may seek class certification should they choose to do so.

**IT IS SO ORDERED.**

**DATED:  February 10, 2017**

*s/ Staci M. Yandle*
**Staci M. Yandle**
**UNITED STATES DISTRICT JUDGE**
